**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL DEWAYNE BOWKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-11-1287-R |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered December 23, 2011 [Doc. No. 15] and Petitioner's Objection to the Report and Recommendation [Doc. No. 16]. Petitioner objects to the Magistrate's conclusion and recommendations concerning the alleged excessiveness of his sentence, his actual innocence of assault and battery, and ineffective assistance of trial counsel. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Petitioner objects.

Petitioner states that the maximum sentence he could receive for the assault and battery was ten years, pursuant to Okla. Stat. tit. 21, § 645 and several cited cases. But Petitioner was charged and convicted of assault and battery with a dangerous weapon after former conviction of two or more felonies. Section 645 of Title 21 of the 2006 Oklahoma Statutes prescribes the term of imprisonment of not more than ten years for the first-time felony offense defined therein. Petitioner's punishment, however, was governed by Okla. Stat. tit. 21 § 57.1(B), because Petitioner was convicted of an offense listed in Okla. Stat. tit.

57, § 571 (assault and battery, with a dangerous weapon); had previously twice been convicted of felony offenses; committed the offense within ten years following completion of the execution of his sentence; and the district attorney sought to enhance his punishment by charging him with the offense after two former felony convictions.  Under Okla. Stat. tit. 21, § 51.1(B), the range of punishment applicable to Petitioner for his conviction of the offense of assault and battery with a dangerous weapon after two former felony convictions was twenty (20) years to life imprisonment.  Petitioner's sentence of twenty years was not unauthorized or excessive.

     The video which Petitioner has asked the Court to view is not included in the state court records which have been submitted to the Court.  However, the evidence at trial, without consideration of the video, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find the essential elements of assault and battery with a dangerous weapon beyond a reasonable doubt.  And "the entire video of Petitioner's crime was played for the jury not once but several times."  Order Affirming Denial of Post-Conviction Relief (Exhibit "6" to Response) [Doc. No. 10] at p. 3.  Petitioner has failed to demonstrate that he is actually innocent of the assault and battery offense, that the evidence was insufficient to support his conviction or that the Oklahoma Court of Criminal Appeals' decision concerning the sufficiency of the evidence to support the assault and battery conviction was contrary to or involved an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner's "objection" to the Magistrate Judge's conclusions and recommendation relating to Petitioner's claim of ineffective assistance of trial counsel consists solely of a reiterated list of the ways in which Petitioner contends his trial counsel's assistance was ineffective. Petitioner presents no argument or analysis. The Court, upon its review of the Magistrate Judge's analysis of Petitioner's claim for ineffective assistance of trial counsel, *see* Report and Recommendation at pp. 10-14, concurs in the Magistrate Judge's findings and conclusions.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 15] is ADOPTED in its entirety and the petition of Michael DeWayne Bowker for a writ of habeas corpus is DENIED.

IT IS SO ORDERED this 18th day of January, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE